**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONGLAN HAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70295<br><br>Agency No. A200-104-208<br><br>MEMORANDUM[*] |
| HONGLAN HAN, AKA Hong Lan Han,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-73311<br><br>Agency No. A200-104-208 |

On Petition for Review of an Order of the
Board of Immigration Appeals

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted February 5, 2014[]
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

Honglan Han challenges the denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") by the Board of Immigration Appeals ("Board"). She also challenges the Board's denial of her motion to reopen. Even assuming credibility, the record does not compel us to grant the petitions.

Substantial evidence supports the Board's conclusion that Han did not suffer past persecution on account of her religious practice. Han was detained after police broke up a service at her church in 1998. As congregants ran out, someone pushed her from behind causing her to hit her head. There was no evidence that the police pushed her or intentionally caused her injury. Upon arrival at the detention center Han was released because of her head injury and her age (17 at the time). These circumstances do not compel a finding of persecution. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir. 1995) (evidence that petitioner was hit and kicked

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

during brief detention at police station did not compel finding of persecution). Cf. Khourassany v. INS, 208 F.3d 1096, 1100–01 (9th Cir. 2000) (detention and questioning for short periods without government-inflicted injury or threat of injury did not compel finding of persecution). Nor does the purported arrest of Han's father. Han testified that her mother told her that Han's father was arrested for being "a religious man." But the detention card Han submitted for the record does not state the reason for her father's arrest. Han's hearsay testimony does not compel a finding of persecution when weighed against the other evidence in the record. See Gu v. Gonzales, 454 F.3d 1014, 1021 (9th Cir. 2006) (petitioner's hearsay evidence may be given less weight by trier of fact as weighed against non-hearsay evidence); Prasad, 47 F.3d at 340 ("[A]ttacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioners.").

Nor does the record compel a finding of a well-founded fear of future persecution. Han lived in China without any trouble from the police for ten years after the 1998 incident. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir. 1991) (presence in Nicaragua for five years after interrogation without further harm undermined asylum claim).

3

Because Han has failed to establish eligibility for asylum she necessarily fails to establish eligibility for withholding of removal. See Al-Harbi v. INS, 242 F.3d 882, 888-89 (9th Cir. 2001). Substantial evidence also supports the denial of CAT relief because Han has not shown that she will "more likely than not" be tortured upon return to China. 8 C.F.R. § 1208.16(c)(2).

The Board did not abuse its discretion in determining that Han's motion to reopen was untimely when filed two years after the deadline. See 8 U.S.C. § 1229a(c)(7)(C)(i). Nor did it abuse its discretion when it found that she did not qualify for an exception based on changed country conditions or her 2011 marriage. See 8 U.S.C. § 1229a(c)(7)(C)(ii); In re Velarde-Pacheco, 23 I & N Dec. 253, 256 (BIA 2002) (granting motion to reopen based on adjustment of status when timely filed).

Finally, Han's arguments that the proceedings violated her due process rights and that the IJ disregarded the proper burden of proof were not presented to the IJ or the Board. Those claims have not been exhausted, so we lack jurisdiction to review them. Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITIONS DENIED.**